# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT L. HEATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-184 |
| ) | |
| MRS. J. JOHNSON, and AL St. ) | |
| LAWRENCE, Sheriff, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On December 17, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case is therefore ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern

civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Plaintiff, currently confined in the Chatham County Detention Center, alleges that jail officials have consistently interfered with his legal and personal mail, denied him medication for his high blood pressure, and deprived him of an evening meal. (Doc. 1 at 5.) He asks the Court to release him from his confinement and to have someone investigate the

allegations to prevent this mistreatment from happening to anybody else. (Id. at 6.)

Plaintiff's complaint should be dismissed, as the Court cannot grant his requested relief. Securing a release from custody is not a proper use of § 1983. When a state prisoner or detainee seeks immediate or speedier release from custody, the law is clear that "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff is not seeking habeas relief, and thus the Court is powerless to release him from custody even if he established a violation of his constitutional rights by his current custodian.

The complaint is seriously flawed in at least two other respects, as plaintiff: (1) improperly asserts several unrelated claims, and (2) names Al St. Lawrence under a theory of vicarious liability, which is not cognizable under § 1983.

First, several unrelated causes of action were improperly crafted into a single complaint. The primary focus of plaintiff's complaint revolves around problems receiving legal and personal mail. (Doc. 1 at 5.) Plaintiff's claims of denial of medical treatment and deprivation of meals spring from

entirely different factual scenarios. "A cause of action consists of a single core of operative facts which gives a plaintiff the right to seek redress for the wrong concerned." Tice v. American Airlines, Inc., 959 F. Supp. 928, 934 (N.D. Ill. 1997), rev'd on other grounds, 162 F.3d 966 (1998); 18 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2034 (2d ed. 1994). Additionally, allowing plaintiff to bring unrelated claims in a single suit would undermine the objectives of the PLRA. Under the PLRA, each complaint requires a fee payment and, "if a prisoner files more than three frivolous complaints," the PLRA presents a "bar against future litigation." Schipull v. Dretke, 2006 WL 2844192, at *1 (S.D. Tex. Sept. 29, 2006). Filing multiple claims in one complaint offers a way around both the fee payment and the three-strike bar. Plaintiff, therefore, may not "circumvent the PLRA's objectives of deterring frivolous prisoner complaints" by presenting these unrelated claims. Id. Accordingly, even if plaintiff were seeking monetary damages or other appropriate relief in a § 1983 case, he could not assert each of his individual claims in a single complaint.

Second, defendant Al St. Lawrence is not subject to suit under § 1983

upon a theory of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A § 1983 plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Plaintiff does not allege any causal

connection between the alleged constitutional deprivations and any policies, customs, or conduct of Al St. Lawrence. Plaintiff's claims relating to St. Lawrence are therefore meritless.

For all of the above reasons, plaintiff's complaint should be **DISMISSED.**

**SO REPORTED AND RECOMMENDED** this 8th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA